UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON DC

FILED
AUG 27 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Donald Sublet (Plaintiff)
Register No. 11152-078
Federal Correctional Institution
3150 Horton Road
P.O.Box 15330
Fort Worth,Texas 76119
　　　　vs.
Captain,Shawn Million (Defendant)
Federal Correctional Institution
FCI,Oakdale
1507 East Whatley Road
P.O.Box 5050
Oakdale,Louisiana 71463

Lieutenant,Blaze (Defendant)
Federal Correctional Institution
FCI,OAKDALE
1507 East Whatley Road
Oakdale,Louisiana 71463

Correctional Officer,Mrs/Miss Boville (Defendant)
Federal Correctional Institution
FCI,OAKDALE
1507 East Whatley Road
Oakdale,Louisiana (71463)

Case: 1:08-cv-01482
Assigned To : Unassigned
Assign. Date : 8/27/2008
Description: Pro Se Gen. Civil

COMPLAINT FOR NEGLIGENCE

COMES NOW INTO THE COURT,Donald Sublet,the Plaintiff, (hereinafter) through pro se representation moves this Court pursuant to Federal Rules of Civil Procedure,Rule 3,to proceed in forma pauperis,pursuant to 28 U.S.C.§ 1915,under Federal Tort Claim Act(FTCA) for action against the United States.

This Court has jurisdiction over subject matter,pursuant to 28 U.S.C.§ 2401(b).

Federal Tort Claims Act is entitled to construction that will carry out legislative purpose of allowing suits against government for negligent or wrongful conduct under 28 U.S.C.§ 1346(b).

RECEIVED
AUG 18 2008
Clerk, U.S. District and
Bankruptcy Courts

1

Government employees acted within scope of their employment of federal officers for purpose of Federal Tort Claims Act's exclusivity provision is made with reference to applicable law of state where act occurred. Absolut immunity is not available to officers' employed by Bureau of Prisons(BOP) for actions taken in their official capacity.

Plaintiff left wrist was injured when officer applied handcuffs too tight on left wrist. Plaintiff is currently experiencing pain in his left wrist, and suffering from emotional distress due to lack of medical treatment.

This condition can reasonably be quantified in an award of damages Seventy Five Thousand Dollars and Zero Cents($75,000.00).

Plaintiff request that this award amount be decided by jury unless otherwise settled on agreement by all parties involved.

This Federal Tort Claims Act represents a waiver of the federal government's sovereign immunity for tort claims in which the alleged tort-feasor is the United States, its agencies, or government employees acting within the scope of their employment. The Federal Tort Claim Act(FTCA) provides that the United States shall be liable for tort claims, in the same manner and same extent as a private individual under like circumstances.

RESPECTFULLY SUBMITTED,

*Donald Sublet*
DONALD SUBLET (Pro Se)
Register Number #11152-078
Fort Worth, FCI
3150 Horton Road
P.O. Box 15330
Fort Worth, Texas   76119

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON, DC

| | |
|---|---|
| DONALD SUBLET §<br>  (Plaintiff) §<br>  §<br>vs. §   CASE NO.<br>  §<br>UNITED STATES §<br>  (Defendant) §<br>  § | |

**COMPLAINT PURSUANT TO 28 U.S.C.§ 1346(b)-2401(b)**
**28 U.S.C.§ 2671-2679**

**COMES NOW INTO THE COURT,** Donald Sublet, the Plaintiff, the Claimant, hereinafter, moves this Court through **pro se** representation under Federal Tort Claims Act(FTCA) for action against the United States. Plaintiff timely present claim, do so in writing, and request sum certain, are jurisdictional prerequisites to suit under Federal Tort Claims. Federal district court has jurisdiction over subject matter, 28 U.S.C.§ 2401(b).

Congress intended ultimate monetary liability of the United States for its torts to be determined in single action brought in federal court. Federal Tort Claims Act is entitled to construction that will carry out legislative purpose of allowing suits against government for negligence, 28 U.S.C.§ 1346(b). Federal Tort Claims Act (28 U.S.C. § 1346(b) governs negligent or wrongful conduct.

The plaintiff has satisfied notice requirement of Federal Tort Claims Act(FTCA) by providing claim form indicating: (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought; 28 U.S.C.§ 2401(b). Plaintiff is in compliance

with the Federal Tort Claims Act(FTCA) statute of limitations for filing a claim. The district court has subject matter jurisdiction to entertain the suit.

Government employees acted within scope of their employment when handcuffs/restraints was applied on Sublet's left wrist "exceptionally" to tight causing swelling, aching pain, and damage perhaps to nerve or tendon. A claim accrues under Federal Tort Claims Act(FTCA) once a plaintiff knows, or in the exercise of reasonable diligence should know: (1) of his injury, and (2) sufficient facts to permit a reasonable person to believe that there is a "causal connection" between the government and his injury; 28 U.S.C.§ 1346,2671.

An injury's cause is known when the immediate physical basis for the injury is discovered. "Cause" means the immediate cause of injury "from a medical point of view". Officers denied inmate Sublet adequate medical care is compensible under the Federal Tort Claims Act(FTCA). Following physical diagnosis on September 20,2007,(8 days) after placing plaintiff in Special Housing Unit(SHU); failure of X-Rays led to negligent treatment, causing "numbness" in left hand and arm. Sublet currently is experiencing pain(tenderness in his left wrist) <u>CAUSING EMOTIONAL DISTRESS</u>. This condition can reasonably be quantified in an award of damages $75,000.00. Emotional distress consist of four element: (1) outrageous conduct, (2) recklessness to cause emotional distress, (3) extreme emotional distress suffered by the plaintiff, and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. "Causation"; grief, self-pity, resentment, ashamed, humiliation, worry, fear may fall within the ambit of the term emotional distress.

Employees were acting within scope of their employment of federal officers for purpose of Federal Tort Claims Act's, exclusivity provision is made with reference to applicable law of state where act or ommission occured. Absolute immunity is not available to officers' employed by Bureau of Prisons(BOP) for actions taken in his official capacity.

In instances where a physical diagnosis is performed by physician's assistant,R.Shalabi,prison regulations require that a physician, S.Villalon,countersign the examination report. On September 20,2007, R.Shalabi came to the Special Housing Unit at Oakdale-FCI,Oakdale, Louisiana,asked inmate Sublet to put his arm through the hole in the door(peek hole).Shalabi held inmate Sublet's left arm and said,"there is nothing wrong with your arm."You will be alright!

On September 21,2007,Doctor,S.Villalon was in the Special Housing Unit to visit inmate Elvis Jennings,who was my cell-mate at cell #109 in the SHU. Sublet mentioned to Dr.Villalon that he had numbness in his hand and fingers.Dr Villalon told inmate Sublet "just open and close your hand."You will be alright!

On September 25,2007, about 12:30am inmate Sublet was notified to pack his property because he was being transfered.Around 4:30am inmate Sublet was placed on the institution's bus and transported to Oklahoma City,Oklahoma...Bureau of Prisons transfer center for inmates.Inmate Sublet arrived in Oklahoma around 2:30pm,and recieved a questionare form.Inmate Sublet notified the Medical Staff at Oklahoma about his pain on the intake form.

On September 27,2007,around 12:30am,inmate Sublet was notified to get dressed because he was leaving,about 4:30am the bus departed for Texarkana,Texas-FCI and the bus arrived there around 8:30am dropped

-3-

offf several inmates and picked up several inmates. The bus departed Texarkana, Texas around 9:30am traveling to Segoville, Texas-FCI. The bus arrived in Segoville, Texas about 12:45pm on September 27, 2007. Bureau of Prison authorities informed all inmates that they would be staying in Segoville, Texas-FCI overnight. All inmates were processed in through Receiving and Departure. Inmate Sublet was given an intake form to fill out and he notified the employees of his pain in his left wrist.

On September 28, 2007, all inmates were boarded on the bus and transported to Fort Worth FCI, Fort Worth, Texas. Inmate Sublet was processed in through Receiving and Departure. During his intake inmate Sublet was interviewed by Medical Staff Nurse, Ms. Davis. Inmate SUBLET notified her that he was having pain in his left wrist. Ms. Davis informed inmate Sublet that he would be seen by the Doctor soon, just check the call-out sheet daily. Inmate Sublet was placed on the Austin Housing Unit for the Residential Drug Abuse Treatment Program(RDAP). In regards to medical attention, inmate Sublet was put on the CALL-OUT List on January 22, 2008, for Clinic MD2, even though inmate Sublet had previously submitted a request form(cop-out) to Fort Worth, FCI Medical Staff in reference to his injury of left wrist. (for X-Ray) Inmate Sublet claims that monetary liability of the United States for its tort to be governed for negligent or wrongful conduct where he has accepted advice without a choice in the matter. Moreover, Bureau of Prison regulations require that each inmate be given a complete physical examination within two(2)weeks of his arrival at a new institution. Such examination is not required if the inmate has had an examination within one(1)year of his transfer. This exception does not apply if an inmate has had medical problems.

-4-

## RIGHT TO PROCEED UNDER THE ACT

On or about March 28,2007,at 9:00am,Lieutenant Blaze at Oakdale-FCI Oakdale,Louisiana conducted a shakedown on Evangeline One(Eva I) Housing Unit.All inmates were asked to leave the unit.Inmate Sublet returned to the housing unit after shakedown and noticed that his knee brace was missing from within his property locker.This knee brace was issued by the Medical Staff at Houston Federal Detention Center,1200 Texas Avenue,Houston,Texas 77051, from Dr.Carr. Inmate Sublet wrote a request form(cop-out) to Captain Shawn Million and carried it to mainline(lunch) on this same date.However,when I arrived at mainline I approached Lieutenant Blaze and discussed the matter with him about my knee brace missing from my locker.Lieutenant Blaze told me that he would look into it and check it out.Lt.Blaze asked for the cop-out,so inmate Sublet gave it to him.

On April 4,2007,again at mailine inmate SUblet approached Lieutenant Blaze,and again asked him if he had found my knee brace? To my surprise Lt.Blaze replied,"**HELL NO!**" .So I never mentioned my knee brace again to him or any other Staff member.Inmate Sublet claims that Lieutenant Blaze's conduct was outrageous and unprofessional. by a Bureau of Prisons employee.

On Wednesday,September 12,2007,at approximately 5:05pm,inmate Sublet entered the commissary store to shop. Commissary clerk, Ms.Boville called out inmate Sublet's name and he approached the window(#3), inmate Sublet handed the clerk his identification (account) card. Inmate Sublet began putting his products into his laundry bag,he noticed that Ms.Boville had made a mistake when she gave him some Nutter Butter cookies (price $4.05) even though,inmate Sublet had

-5-

ordered some Nutty Bars (priced at $1.29).Inmate Sublet asked the clerk,Ms.Boville to check his commissary order sheet to make sure. Clerk replied,take the cookies and inmate Sublet said **No,** because he did not want the Nutter Butter cookies.So inmate Sublet asked Ms.Boville to give him a void receipt for the cookies.Ms.Boville said, "come back tomorrow".

The commissary institution policy clearly states that **all** sales are final once you leave;no refunds or exchanges will be made,except for clothing and footwear, (prior to exiting the commissary lobby).So inmate SUblet remained standing in line at window #3,anticipating that Ms.Boville would check his commissary order sheet and/or issue him a void receipt for the cookies.Although,clerk failed to do so but again told inmate Sublet "come back tomorrow" and if you do not take the product I am going to come out of this door and take back everything you purchased. Inmate Sublet ignored the warning and again asked Ms.Boville for a receipt,this time she said **No,because I told you come back tomorrow.**To my surprise she came through that door from inside window #3 and took back all my products.

On September 12,this same date,at approximately 5:25pm,inmate Sublet left the commissary store and went to dining hall(kitchen) to speak with a Lieutenant about this event or situation that he experienced while shopping at the commissary store.There were two Lieutenants sitting inside the dining hall during mainline.Inmate Sublet appro- ached the table where Lieutenant Mrs.Barker and Mr.Blaze were sitting. Lt.Barker acknowledged inmate Sublet,so inmate Sublet sat down and explained his situation to her.Lt.Barker said, "Well,if Ms.Boville told you come back tomorrow she must have a good reason",so go back tomorrow.Of course,she may not have realized that shopping on the

wrong day is a violation of the commissary shopping procedure.The fact being inmate Sublet's shopping day is on WEDNESDAY,because all inmates whose register number (last 2 digits of the first 5 digits) are 00033-00065 will be required to shop on Wednesday unless there is a change due to Holiday Schedule.

After this conversation with Lt.Barker inmate Sublet went to the recreation area and walked several laps around the track to relieve himself from the tension. When commissary announced **last call** for commissary at approximately 5:50pm,inmate Sublet returned from the track back to commissary to request his laundry bag (yellow) for dirty laundry on the Housing Unit.However,Ms.Boville told him that he could not get his laundry bag back.

On September 12,2007,on this same date,at approximately 5:57pm, inmate Sublet decided to go the Lieutenant's Office on the Compound. I walked in sat down and a few minutes passed before Lieutenant Blaze asked inmate Sublet, "What is the problem?" So inmate Sublet began to explain the incident...,but Lieutenant Barker interupted... and stated that she and I had talked about this at the dining hall. When Lt.Barker paused inmate Sublet attempted to tell Lt.Blaze about the laundry bag situation.Inmate Sublet's only word in response was,<u>So</u> and Lieutenant Blaze erupted in a rage before inmate Sublet could continue.Lieutenant Blaze told inmate Sublet that the word **"so"** is disrespectful to his Lieutenant,Mrs.Barker.

Without any hesitation Lt.Blaze vigorously grabbed inmate Sublet's left arm twisted it behind his back and clamped the handcuff/restraint on his wrist very very tight,...then Lt.Blaze told inmate Sublet to put his right hand behind his back and inmate Sublet obeyed the direct order...so,Lt.Blaze clamped the handcuff/restraint tight on his right arm/wrist.

-7-

Now that the handcuffs/restraints were placed on inmate Sublet, Lieutenant Blaze pushed his arms high behind the back, perhaps to cause more pain. Lt. Blaze then said,...Quote..."YOU MUST BE HAVING A FUCKED UP DAY"! I am going to lock your "DAMN ASS UP"! Lt Blaze snatched inmate Sublet's gray sweatshirt from across his shoulder, threw it on the floor and kicked it the wall. Lt. Blaze the called on his two-way radio to the Compound Security Officers for an escort to the Special Housing Unit(SHU). Lt. Blaze pushed inmate Sublet out the door of Lieutenant's office. Still raging and upset said to the two responding security officers "LOCK THIS PIECE OF SHIT UP"! Get him off my "GOT-DAMN COMPOUND! Inmate Sublet asked escort security officer(Correction Officer) if he would loosen the handcuff/restraint on his left wrist because it is painful, too tight. CO replied, I do have a key for those cuffs.

When we arrived at the SHU, inmate Sublet's left wrist was swollen and aching in pain. Correction Officer, Mr.Harris working in the SHU asked who put these things on him this tight. CO Harris placed inmate Sublet inside cell #109 with inmate Elvis Jennings. Inmate Sublet asked CO Harris for permission to see someone in Medical, he replied, the nurse will be making pill-line(passing out medicine) shortly but nobody from the Medical Staff came to the Special Housing Unit to attend inmate Sublet's injury. Inmate Sublet claims perhaps Lt. Blaze was under the influence of some type of drugs or alcohol, causing "his recklessness and outrageous conduct".

   **Definition:** Webster's Ninth Edition New Collegiate Dictionary(1990) So...means in a manner or way indicated or suggested; with the result that; conforming with actual facts. [Oxford American Desk Dictionary 1998]...So, means to such extent; to the degree or in manner implied.

-8-

Therefore this Fedral Tort Claims Act represents a waiver of the federal government's sovereign immunity for torts claims in which the alleged tort-feasor is the United States, its agencies, or government employees acting within the scope of their employment. The Federal Tort Claims Act(FTCA) provides that the United States shall be liable for tort claims, in the same manner and same extent as a private individual, under like circumstances.

**WHEREFORE**, claimant pray that this Honorable Court will **deny** the defendants' motion for summary judgement on the grounds of qualified immunity with prejudice because the injury was caused by negligent or wrongful conduct and was in violation of clearly established law of the state, where the act occured. Accordingly, Premise Considered, claimant's award for damages in one total settlement, in the amount of $75,000.00 shall be GRANTED.

```
Compensative Damages......$50,000.00
Punitive Damages..........$25,000.00
Attorney Fees.............Unknown
Filing Fees...............Unknown
Court Cost................Unknown
Total Settlement..........$75,000.00
```

RESPECTFULLY SUBMITTED,

*Donald Sublet*

DONALD SUBLET   #11152-078
FCI, FORT WORTH
P.O. BOX 15330
3150 HORTON ROAD
FORT WORTH, TEXAS 76119

## EMOTIONAL HEALTH

Inmate Sublet claims that the pain and suffering from injury of left wrist/arm has caused stress, disappointment, anger, and anxiety damaging his general well being. Emotional distress has affected inmate Sublet's ability to deal with other persons. His feelings are easily aroused or agitated. He worry about little things and spend time sleeping causing him to be inactive, feeling underprivileged. Inmate Sublet struggle with concentrating and is often low in spirit. Inmate Sublet claims that his mental and emotional health have been injured, tainting his feelings toward others (trust, caring, respect) causing uncomfortable feelings and negative thoughts when someone stares at him while they are whispering or laughing. He has adapted an aggressive communicative style, caused by feeling offended when someone raise their voice.

## PHYSICAL HEALTH

Inmate Sublet is a chronic care patient at FCI, Fort Worth, who has been diagnosed with "high blood pressure". He is currently taking prescription medicine, Atenolol 50MG TAB, Simivastin 20MG TAB, and 81 E.C. Aspirin, (cholestrol, blood thinner). Naproxen 500/550 MG TAB for inflamation on right knee.

## CERTIFICATE OF SERVICE

I, Donald Sublet hereby certify that a true and correct copy of this Affidavit and Complaint was mailed by U.S. Postal Service to the United States District Court Clerk, for the District of Columbia, 333 Constitution Avenue NW, Washington DC 20001, on this 28th day of July ,2008.

RESPECTFULLY SUBMITTED,

*Donald Sublet*
Donald Sublet (Claimant)